UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KATHERINE SHARPE,         )
                          )
    Plaintiff,            )
                          )
v.                        )          CV6:19-114
                          )
PALMER REAL ESTATE,       )
                          )
                          )
    Defendant.            )

## ORDER AND REPORT AND RECOMMENDATION

Before the Court is plaintiff Katherine Sharpe's Petition for Removal and Federal Stay of Eviction pursuant to 28 U.S.C. 1441(B).[1] Doc. 1. Plaintiff, appearing *pro se*, has also filed a motion for leave to proceed *in forma pauperis* (IFP). Doc. 2. For the reasons discussed below, the Court **GRANTS** plaintiff's request to proceed IFP, but **RECOMMENDS** that this case be **REMANDED** to the Magistrate Court of Bulloch County, Georgia because this Court lacks subject-matter jurisdiction.

---

[1] Though inverted from the related state court proceeding, the Court adopts the case style of the removal petition and will identify Katherine Sharpe as "plaintiff" and Palmer Real Estate as "defendant."

## BACKGROUND

Defendant Palmer Real Estate filed a dispossessory action in the Magistrate Court of Bulloch County (Case No. 2019-2849 CD). Doc. 1 at 5. Plaintiff subsequently filed her petition for removal with this Court. Doc. 1. As ground for removal, the petition cites the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692.[2] Id. at 1. The Court will first address plaintiff's application to proceed IFP before analyzing the appropriateness of removal.

## ANALYSIS

### I.   Application to Proceed *in Forma Pauperis*

Plaintiff's application to proceed IFP is marked by inconsistencies and vagueness. The most glaring inconsistency is that she identifies monthly income of $1,520.00 from employment, but when later asked to identify an employer, responds "N/A." Additionally, she identifies one

---

[2] Plaintiff incorrectly identifies this statute as the Uniform Commercial Code (UCC). The UCC is not a federal statute, but rather a comprehensive set of laws to be adopted at the state level. As such, it cannot be the basis of federal question jurisdiction. *See Citibank, N.A. v. Gumbs*, 2007 WL 3491744, at *4 (N.D. Ga. November 6, 2007) ("the Uniform Commercial Code does not provide a basis for federal question jurisdiction. The Uniform Commercial Code is not a federal statute. Thus, a civil action based on the UCC does not arise under the laws of the United States, and, therefore, does not provide a court with federal question jurisdiction." (internal citations omitted)).

dependent, but claims monthly expenses that the Court considers questionably high for a family of two.

Proceeding IFP is a privilege, not an entitlement, s*ee Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993), and the Court has discretion as to whether to grant such status, 28 U.S.C. § 1915(a)(1) (courts "may authorize the commencement" of IFP actions). As allowing a party to proceed IFP effectively shifts the financial burden of the case to the public, discretion should be exercised sparingly. *Thomas v. Sec'y. of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the Court must be satisfied that the payment of Court costs and fees will endanger plaintiff's ability to "support and provide for herself and her dependents," *Thomas*, 358 F. App'x at 116 (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11 Cir. 2004).

The Court finds the inconsistencies in plaintiff's application troubling. As removal is improper, however, inviting amendment or

clarification would serve only to create unnecessary delay in the state court proceeding. As such, the Court **GRANTS** plaintiff's request to proceed *in forma pauperis*.

## II.   Removal to Federal Court

A party may seek to remove a case from state to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). The Court is obligated to satisfy itself, at the earliest opportunity, that its jurisdiction is proper. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Under § 1441, the Court's jurisdiction can be based either on a question of federal law (28 U.S.C. § 1331) or the diversity of the parties 28 U.S.C. § 1332(a)). *See* 28 U.S.C. § 1441(b); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n. 2 (11th Cir. 2003). If jurisdiction is found lacking, "[t]he district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see*

*also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Plaintiff has affirmatively based her claim of jurisdiction on the FDCPA. She has also indicated that the parties are domiciled in different states. The Court, therefore, will examine both theories of jurisdiction.

A. Federal Question Jurisdiction

Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908). "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Adventure Outdoors, Inc.*, 552 F.3d at 1294. The party seeking removal bears the burden of proving the existence of a federal question. *See Friedman v. New York Life Ins. Co.,* 410 F.3d 1350, 1353 (11th Cir. 2005). Plaintiff has not met this burden.

"The FDCPA was designed to protect consumers from the 'abusive, deceptive and unfair debt collection practices' of debt collectors." *Worch v. Wolpoff & Abramson, L.L.P.,* 477 F. Supp. 2d 1015, 1018 (E.D. Mo. 2007). Plaintiff has not asserted that defendant, as the debt collector, asserted claims under the FDCPA in the state action. The only plausible inference, then, is that plaintiff's reference to the FDCPA relates to a potential counterclaim or defense. *See Wells Fargo Bank, N.A. v. Ricotta,* 2006 WL 2548339, at *1 (D. Colo. Aug. 31, 2006) ("The Defendant's conclusory and uncited assertion that an attempt to foreclose somehow implicates the Fair Debt Collection Practices Act is, at best, an indication that the Defendant intends to assert a federal-law defense or counterclaim to the state-law foreclosure proceeding."). Neither counterclaims nor defenses alone support federal jurisdiction. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–32 (2002) ("[W]e decline to transform the longstanding well-pleaded complaint rule into the 'well-pleaded-complaint-*or-counterclaim* rule.'"); *Jefferson Cty., Ala. V. Acker*, 527 U.S. 423, 431 (1999) (noting that an actual or anticipated defense does not generally qualify a case for

y

removal). The Court, therefore, finds that plaintiff has not borne her burden of establishing the existence of federal question jurisdiction.

B. Diversity Jurisdiction

Though plaintiff has not affirmatively asserted diversity jurisdiction in this case, she has indicated that she is a citizen of Georgia and that defendant is a citizen of another state.[3] Doc. 1 at 6. Generally, diversity jurisdiction exists where all parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Though plaintiff has indicated that defendant is incorporated and maintains a principal place of business in another state, she has not specified the amount in dispute. Doc. 1 at 6. Even if defendant did not quantify the value of damages in its initial claim, the plaintiff must still show that the amount in controversy is sufficient. *Friedman*, 410 F.3d at 1353 (citing *Kirkland v. Midland Mortg., Co.*, 243 F.3d 1277, 1281 n. 5 (11th Cir. 2001)). Additionally, the Court cannot assume that this

---

[3] The Court presumes, based on the mailing address reflected in the filing, that defendant is a citizen of Texas. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."). It is not clear if defendant would also qualify as a citizen of Georgia. Regardless, plaintiff bears the burden of establishing that defendant is not a Georgia citizen. Since its citizenship remains ambiguous, she has not met that burden.

threshold would be satisfied by the value of the property in question. *See Novastar Mortg., Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361–62 (N.D. Ga. 2001) ("a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy.").

Even were plaintiff to satisfy the amount in controversy threshold, removal on diversity grounds is precluded by statute. Under § 1441(b), "[a] civil action otherwise removable solely on the basis of the jurisdiction under § 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Plaintiff—the removing defendant in the state case—is a citizen of Georgia, where the state dispossessory action was commenced. Therefore, removal is not proper on the basis of diversity jurisdiction. As plaintiff has not established the jurisdiction of this Court, the case should be **REMANDED**.

## CONCLUSION

For the discussed reasons, the Court **GRANTS** plaintiff's motion to proceed IFP. As the Court lacks any basis for its subject matter

jurisdiction, however, the Court **RECOMMENDS** that this case be **REMANDED** to the Magistrate Court of Bulloch County, Georgia.

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. §636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 20th day of December, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA